IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00577-F

REINALDO OLAVARRIA, *individually*
*and on behalf of his minor children ERO*
*and ABO*,

    Plaintiff,

v.

NORTH CAROLINA ADMINISTRATIVE
OFFICE OF THE COURTS, JUDGE LORI
G. CHRISTIAN, in her *individual and*
*official capacity*, and JUDGE ROBERT
RADER, *in his official capacity*,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed for the reasons stated below.

## I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor

statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges violations of federal and state law, including statutory claims under 42 U.S.C. §§ 1981 and 1983, the Federal Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5101, *et seq.* ("CAPTA"), and 18 U.S.C. §§ 241 and 242, as well as state law tort claims against Defendants the North Carolina Administrative Office of the Courts (the "AOC"), Judge Lori G. Christian ("Judge Christian) in her official and individual capacity, and Judge Robert Rader ("Judge Rader") in his official capacity.[1] [DE-1-1]. Plaintiff generally contends Judge Christian denied him due process of law while presiding over a state court proceeding involving child custody and support matters in which he was a party. *Id.* at 1-11, 16-21. Plaintiff further contends that the AOC and

---

[1] Plaintiff filed a similar action asserting many of the same claims, which was dismissed on April 3, 2015. *See Olivarria v. N.C. Admin. Office of the Courts*, No. 5:15-CV-49-F, 2015 WL 1526544 (E.D.N.C. April 3, 2015) (unpublished).

3

Judge Rader failed to properly administer the courts or to supervise Judge Christian and were unresponsive to Plaintiff's complaints about Judge Christian's conduct in his case. *Id.* at 9, 11, 20. Plaintiff asserts that Judge Christian, an African American female, discriminated against him, a Puerto Rican male, based on his race and sex, and that her rulings endangered his minor children. *Id.* at 17. Plaintiff alleges waiver of immunity based on the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 *et seq.*, and because Defendants are "protected by one or more policies of liability insurance" or "participate in a government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, or maintain a funded reserve . . . ." *Id.* at 15-16. Plaintiff further alleges that because Judge Christian is a licensed attorney, she may be sued in her individual capacity. *Id.* at 15. Plaintiff seeks compensatory damages in excess of $10,000.00, punitive damages as allowed by law, judgment against Defendants, pre- and post-judgment interest, costs and attorney's fees, and that the state court's findings of fact and conclusions of law and orders be vacated. *Id.* at 22-23.

### A.  North Carolina Administrative Office of the Courts

Plaintiff alleges the AOC, a state agency, violated his constitutional due process and civil rights by failing to supervise the Judge Christian and to properly administer the court's case load. *Id.* As the Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit applies not only to the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) (unpublished) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit

4

against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). However, sovereign immunity may be waived or abrogated. *See Snow v. N.C. Dep't of Health & Human Servs.*, No. 5:12-CV-724-FL, 2014 WL 808646, at *6-7 (E.D.N.C. Feb. 28, 2014) (unpublished) (discussing exceptions to doctrine of state sovereign immunity).

Here, Plaintiff alleges that Defendants are "protected by one or more policies of liability insurance" or "participate in a government risk pool" and have thus waived any immunity to which they may have otherwise been entitled. [DE 1-1] at 16. Plaintiff cites North Carolina General Statute sections 153A-435 and 58-23-5 or "applicable state law" in support of this contention. *Id.* These statutory provisions do not apply to the AOC. *See* N.C. Gen. Stat. § 153A-435 (pertaining to liability insurance and damage suits against a county); *id.* § 58-23-5 (pertaining to local government pooling of property, liability and workers' compensation coverages). Plaintiff's reliance on the North Carolina Tort Claims Act is also misplaced, where the act "requires that plaintiffs 'who wish to sue the state for tortious acts must bring their claims before the North Carolina Industrial Commission, not the district court.'" *Phillips v. N.C. A & T State Univ.*, No. 1:09CV227, 2009 WL 5215377, at *2 (M.D.N.C. Dec. 28, 2009) (unpublished) (quoting *Alston v. N.C. A & T State Univ.*, 304 F. Supp. 2d 774, 783 (M.D.N.C. 2004)); *see also* Parks v. N.C. Dep't of Pub. Safety, No. 5:13-CV-74-BR, 2014 WL 32064, at *6 (E.D.N.C. Jan. 6, 2014) (unpublished) ("The Tort Claims Act mandates that plaintiffs who wish to sue the state for negligent tortious acts must bring their claims before the North Carolina Industrial Commission, not a state or federal court.") (citations omitted). Plaintiff's assertion that "applicable state law" supports his allegation of waiver is conclusory and

5

insufficient to overcome case law to the contrary. *See D'Alessandro v. North Carolina*, No. 5:14-CV-16-BO, 2014 WL 2535222, at *2 (E.D.N.C. Mar. 27, 2014) (unpublished) (recommending dismissal of §§ 1983 and 1985 claims against the North Carolina Administrative Office of the Courts and North Carolina Judicial Standards Commission as barred by sovereign immunity), *adopted by* 2014 WL 2547696 (E.D.N.C. June 5, 2014). Accordingly, Plaintiff's claims against the AOC should be dismissed.

## B.     Judge Christian and Judge Rader

Plaintiff asserts various claims under federal law against Judge Christian and Judge Rader, both state court judges, in their official capacities and also against Judge Christian in her individual capacity. These Defendants are immune from suit. *See D'Alessandro*, 2014 WL 2547696, at *1 (adopting memorandum and recommendation and dismissing claims against Judge Christian and Judge Rader as barred by sovereign immunity and judicial immunity). Suits against state officers in their official capacities are considered suits against the state and are barred by sovereign immunity. *Myers*, 2013 WL 4456848, at *3 (citations omitted). Likewise, the individual capacity claim against Judge Christian is barred by the doctrine of judicial immunity. The allegations of the complaint against Defendant Christian are within the context of a court case between Plaintiff and his ex-wife over which Judge Christian presided. [DE 1-1] at 1-11, 16-21. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010)

6

(unpublished) (claims against a North Carolina Superior Court Judge and/or clerk of court within their capacities as judicial officers are barred by doctrine of judicial immunity). Plaintiff's unsupported assertion that Judge Christian has waived her judicial immunity because she is a licensed attorney is frivolous. Finally, Plaintiff's assertion that immunity has been waived pursuant to the North Carolina Tort Claims Act, North Carolina General Statute sections 153A-435 and 58-23-5, or "applicable state law" is meritless for the reasons previously stated. Accordingly, Plaintiff's claims against Judge Christian and Judge Rader in their official and individual capacities should be dismissed.

### C.     18 U.S.C. §§ 241 and 242 and the CAPTA

Aside from the immunity issues addressed above, Plaintiff has failed to state a claim based on the alleged violations of 18 U.S.C. §§ 241 and 242 and the CAPTA. Sections 241 and 242 are criminal statutes and provide no private cause of action. *See D'Alessandro*, 2014 WL 2535222, at *4 ("Section 242 is a criminal statute. While it provides criminal penalties, it does not give rise to civil liability or authorize a private right of action."); *Johnson v. Thomas*, No. 4:10-CV-151-BR, 2011 WL 1344008, at *5 (E.D.N.C. Apr. 8, 2011) (unpublished) (concluding 18 U.S.C. §§ 241 and 242 provide no private cause of action) (citation omitted). Similarly, courts have held that the CAPTA does not provide a private right of action, and Plaintiff provides no basis here to reach a contrary result. *See Sheetz v. Norwood*, 608 F. App'x 401, 405 (7th Cir. Mar. 30, 2015) (unpublished), *reh'g denied*, (Apr. 23, 2015) (citing *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 865-66 (D.C. Cir. 1996); *Tony L. ex rel. Simpson v. Childers*, 71 F.3d 1182, 1189-90 (6th Cir. 1995)). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 and the CAPTA should be dismissed for failure to state a claim.

**D.     *Rooker-Feldman* Doctrine**

To the extent Plaintiff seeks to challenge the state court's orders in the state court domestic proceeding, the court lacks the jurisdiction to undertake such judicial review under the *Rooker-Feldman* doctrine. *See D'Alessandro*, 2014 WL 2535222, at *5 ("To the extent Plaintiff is challenging the state court's custody orders, this court lacks jurisdiction . . . ."); *Richardson v. Green*, No. 5:11-CV-202-H (E.D.N.C. July 6, 2011) (unpublished) (concluding that review of state court decision with respect to child support order was foreclosed by the *Rooker-Feldman* doctrine), *aff'd*, 2012 WL 432946, at *1 (4th Cir. Feb. 13, 2012). Plaintiff's right of appeal from the state court's orders lies in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. *See McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (unpublished) (concluding that plaintiff dissatisfied with a state court child support proceeding may appeal within the state court appellate system and, thereafter, to the United States Supreme Court). Accordingly, Plaintiff's claims seeking review of the state court's orders should be dismissed.

**E.     State Law Tort Claims**

Plaintiff asserts state law claims based in negligence against Defendants. Where it is recommended that Plaintiff's federal claims be dismissed based on immunity or failure to state a claim, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state

claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, where Plaintiff's claims are related to the conduct of a state court proceeding, the state has a strong interest in the subject matter of the suit. *See D'Alessandro*, 2014 WL 2535222, at *5 ("Given the nature of Plaintiff's claims and considering the state court's strong interest in its orders, the undersigned recommends that the court decline jurisdiction over Plaintiff's state-law claims."). Accordingly, the court should decline to exercise jurisdiction over any remaining state law claims.

### III. CONCLUSION

For the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the case be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **December 21, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and**

.

9

Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED AND SUBMITTED, the __3__ day of December 2015.

Robert B. Jones, Jr.
United States Magistrate Judge