IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00577-F

| | |
|---|---|
| REINALDO OLAVARRIA, *on behalf of minor children ERO and ABO*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS, JUDGE LORI CHRISTIAN, *in her individual and official capacity*, and JUDGE ROBERT RADER, *in his official capacity*, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on United States Magistrate Judge Robert B. Jones, Jr.'s Memorandum and Recommendation ("M&R") [DE-5], dated December 23, 2015. Plaintiff Reinaldo Olavarria filed objections to the M&R on December 28, 2015. For the reasons stated below, the court adopts Judge Jones's recommendations and dismisses this case.

A district court may "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Olavarria raises three objections to the M&R: (1) he claims that the North Carolina Tort Claims Act effectively waived the state's sovereign immunity; (2) he objects to the citation of

unpublished cases in the M&R; and (3) he argues that the *Rooker-Feldman* doctrine does not bar his claims. The court will address each objection in turn.

First, it is well settled that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001). A state may waive its immunity in one of two ways: either directly, by enacting a statute or constitutional provision, or indirectly, by "voluntarily participating in federal spending programs when Congress expresses 'a clear intent to condition participation in the programs'" on such a waiver. *Litman v. George Mason Univ.*, 186 F.3d 544, 550 (4th Cir. 1999) (quoting *Booth v. Maryland*, 112 F.3d 139, 145 (4th Cir. 1997)). Here, Olavarria contends that North Carolina waived its sovereign immunity directly by enacting the Tort Claims Act. This argument, however, is unavailing. The plain text of the statute limits the state's waiver, vesting in the Industrial Commission exclusive jurisdiction over cases falling under the Act. N.C. Gen. Stat. § 143-291(a); *Russell v. N.C. Dep't of Env't & Nat. Res.*, 742 S.E.2d 329, 332 (N.C. Ct. App. 2013).

Second, the court considers Olavarria's objection to the citation of unpublished cases in the M&R. Unpublished cases, while non-precedential, may act as persuasive authority. The court has reviewed the M&R thoroughly and finds the cases cited therein to be both illustrative of the applicable law and pertinent to the case at hand. Judge Jones's citation of unpublished cases is appropriate.

Finally, the court turns to the *Rooker-Feldman* doctrine. Olavarria appears to believe that this court may act as an appellate body, reviewing the decisions of North Carolina's state courts. It may not do so. "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923). Instead, "jurisdiction to review such

2
Case 5:15-cv-00577-F Document 8 Filed 03/14/16 Page 2 of 3

decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The M&R correctly concludes that this court is without jurisdiction to review North Carolina state court decisions in Olavarria's domestic proceedings.

For the foregoing reasons, the court ADOPTS Judge Jones's recommendation [DE-5] as its own. Plaintiff's claims are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 14 day of March, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge